# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TABAREZ,<br><br>        Petitioner,<br><br>   v.<br><br>KEN CLARK, Warden,<br><br>        Respondent.<br>_____/ | 1:07-CV-1001 OWW DLB HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>[Doc. 17] |

     Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

     On May 16, 2008, the Magistrate Judge issued Findings and Recommendation that the Petition for Writ of Habeas Corpus be DENIED.  This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

     On June 11, 2008, Petitioner filed timely objections to the Findings and Recommendation.

     In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.  Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

In this instance, as explained in the Findings and Recommendation, because Petitioner was sentenced to the middle term of seven years for the attempted murder charge, Apprendi and its progeny simply does not apply. See Apprendi v. New Jersey, 530 U.S. 466 (2000) ("any fact [other than a prior conviction] that increases the penalty for the crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); Blakely v. Washington, 542 U.S. 296, 303-304 (2004) ("the relevant 'statutory maximum,' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."); see also Cunningham v. California, 549 U.S. 270; 127 S.Ct. 856, 871 (2007) (relevant statutory maximum under California law is middle term).

In addition, the imposition of consecutive sentences did not implicate the Apprendi rule. Although the Court notes that on March 17, 2008, the United States Supreme Court granted certiorari to address the question "[w]hether the Sixth Amendment, as construed in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 127 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), requires that facts (other than prior convictions) necessary to imposing consecutive sentences be found by the jury or admitted by the defendant." See Oregon v. Ice, 128 S.Ct. 1657, 170 L.Ed.2d 353 (2008). The issue is still pending and oral argument is set for October 15, 2008.

Following remand after the decision in Cunningham, the California Supreme Court re-issued its opinion in Black, and with respect to consecutive sentences stated that: "The high court's decision in Cunningham does not call into question the conclusion we previously reached regarding consecutive sentences," which held that "imposition of [consecutive sentences] does not implicate a defendant's Sixth Amendment rights." People v. Black, 41 Cal.4th 799, 821-823 (2007).

The Supreme Court's holdings in Apprendi, and its progeny, did not address a defendant's jury trial right as applied to the judge's authority to impose consecutive sentences. As a consequence, there is no clearly established Supreme Court authority finding that a defendant is entitled to a jury trial based on facts proved beyond a reasonable doubt prior to

imposition of a consecutive sentence, and the state courts' rejection of this claim can not be considered to be contrary to or an unreasonable application of clearly established Supreme Court law.  Accordingly, Petitioner is not entitled to relief under § 2254.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued May 16, 2008, is ADOPTED IN FULL;
2. The Petition for Writ of Habeas Corpus is DENIED;
3. The Clerk of Court is directed to enter judgment in favor of Respondent; and,
4. The court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," i.e., when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"; Hoffman v. Arave, 455 F.3d 926, 943 (9th Cir. 2006) (same).  In the present case, the Court finds that reasonable jurists would not find it debatable that the state courts' decision denying Petitioner's petition for writ of habeas corpus were not "objectively unreasonable."

IT IS SO ORDERED.

**Dated:   September 11, 2008**          /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE